## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## MCALLEN DIVISION

| | | |
|---|---|---|
| **MARIBEL VELASQUEZ** | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO. 7:18-CV-354** |
| **Vs.** | § | |
| | § | **JURY REQUESTED** |
| **THE CITY OF EDINBURG, RICHARD** | § | |
| **MOLINA, DAVID TORRES, JORGE** | § | |
| **SALINAS and GILBERT ENRIQUEZ** | § | |
| **Defendants.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

NOW COMES **MARIBEL VELASQUEZ,** Plaintiff, complaining of **THE CITY OF EDINBURG,** and **RICHARD MOLINA, DAVID TORRES, JORGE SALINAS,** and **GILBERT ENRIQUEZ,** individually and in their official capacity as council members of the City of Edinburg, and in support thereof would show the following:

### I.
### NATURE OF ACTION

1.1     This is an action under the United States Constitution for violation of Plaintiff's rights under the First and Fourteenth Amendments.

1.2     Specifically, while acting under color of law, Defendants took adverse employment actions against Plaintiff's employment in violation of her due process rights and protected first amendment rights.

### II.
### JURISDICTION AND VENUE

2.1     Jurisdiction of this Court is invoked pursuant to 28 USC Sections 451, 1331, 1337, 1443, 1345, 1441 and 42 USC 1983.  In addition, this Court has supplemented jurisdiction under 28 USC 1367 over Plaintiff's factually identical claims arising under State law.

2.2     The employment practices to be alleged and unlawful were and are currently being committed within the Jurisdiction of the United States District Court for the Southern District of Texas, McAllen Division.

### III.
### PARTIES

3.1     Plaintiff, **MARIBEL VELASQUEZ** is a resident of Hidalgo County, Texas.

3.2.    Defendant, **THE CITY OF EDINBURG**, is a municipality in the state of Texas located entirely in Hidalgo County.  THE CITY OF EDINBURG may be served with process by serving the City Manager with process at 415 W. University Drive Edinburg, TX. 78541 by personal service or wherever he may be found.

3.3     Defendant, **RICHARD MOLINA** is being sued in individual and official capacity as the Mayor of the City of Edinburg and may be served with process at 415 W. University Drive Edinburg, TX. 78541 by personal service or wherever he may be found.

3.4     Defendant, **DAVID TORRES** is being sued in individual and official capacity as a council member of the City of Edinburg and may be served with process at 415 W. University Drive Edinburg, TX. 78541 by personal service or wherever he may be found.

3.5     Defendant, **JORGE SALINAS** is being sued in individual and official capacity as a council member of the City of Edinburg and may be served with process at 415 W. University Drive Edinburg, TX. 78541 by personal service or wherever he may be found.

3.6     Defendant, **GILBERT ENRIQUEZ** is being sued in individual and official capacity as a council member of the City of Edinburg and may be served with process at 415 W. University Drive Edinburg, TX. 78541 by personal service or wherever he may be found.

## IV.
## FACTUAL ALLEGATIONS

4.1     Plaintiff Maribel Velasquez was first employed by the City of Edinburg, Texas as a Clerk/Typist, in 1996.  In 1999, Ms. Velasquez was promoted to the position of Assistant Court Clerk until 2001 when she was promoted to the position of Senior Secretary.  In 2002, Ms. Velasquez was appointed by a majority of the City Council as the Clerk of the Municipal Court of the City Edinburg.

4.2     Pursuant to Article III, Sec. 2 of the Code of Ordinances of the City of Edinburg, Texas, the Court Clerk is appointed by the City Council for a term not exceeding three years. Maribel Velasquez served as the Court Clerk for the Edinburg Municipal Court until her termination in March of 2018.

4.3     Throughout her employment, the Plaintiff performed her duties with dedication, loyalty and hard work.  Plaintiff received performance appraisals with very high ratings on a yearly basis.  Prior to the Defendants gaining control of the Edinburg City Council, Plaintiff had never had any adverse employment action taken against her nor was she ever written up for job related improper conduct.

4.4     After her re-appointment to the position of Court Clerk in 2015, then council member, Richard Molina, contacted Ms. Velasquez and asked her if she would be "loyal" to him.  Ms. Velasquez responded that her loyalty was to the City of Edinburg and its constituents.

4.5     In November of 2017, the Edinburg City Council conducted elections which resulted in the seating of a new political majority.  During the election campaign, the members who were elected and those current board members with whom they are aligned made numerous statements regarding their intent to terminate, demote and reassign employees, specifically naming the Plaintiff.

4.6     Upon being sworn in, the new political majority, hereinafter referred to as the Molina faction, comprised of Defendants Richard Molina, David Torres, Jorge Salinas, and Gilbert Enriquez, set about on a campaign to reward those employees who were related to the new board majority and those who had openly supported their faction. They also set about retaliating against those employees who had not supported their faction. Therefore, each of the individual defendants were personally involved in the retaliation against the Plaintiff by virtue of their association with each other in the Molina faction.

4.7     On or about March 16, 2018, a Notice of a Special Meeting of the City Council for the City of Edinburg was posted wherein notice was issued that on March 20, 2018, the City would be considering an appointment to the position of Court Clerk. Prior to posting, the plaintiff was not given notice that the City Council was considering an appointment of another to her position.

4.8     On March 20, 2018, a majority of the members of the City Council for the City of Edinburg, namely all defendants herein which comprise the Molina faction, voted to remove Maribel Velasquez and appoint Celine Pardo as the Clerk of the Edinburg Municipal Court. Celine Pardo was a political supporter of the Molina Faction. Furthermore, based on information and belief, prior to her appointment as the Court Clerk, Celine Pardo was employed by Defendant, David Torres' brother.

4.9     All the adverse retaliatory employment actions taken against the Plaintiff were taken by the members of the Molina faction. Again, each of the individual defendants were personally involved in the retaliation against the Plaintiff by virtue of their association with each other in the Molina faction.

4.10    The Plaintiff in this lawsuit was not an employee who had direct dealings with the Edinburg City Council or might fall into the category of an employee who, because of their

relationship to the City Council would not have First Amendment Rights as defined by the 5th

Circuit Court of Appeals in *Kinsey v. Salado ISD*, 950 F2d 988 (5th Cir.1992).  Additionally, the

Plaintiff's exercise or in this case the restraint of her right to freedom of speech and association in

this case did not conflict with her role as an employee.

## V.
## 42 U.S.C. SECTION 1983

5.1     Section 1983 of Title 42 of U.S.C. provides that an individual may seek redress, by

way of damages, against any person or persons who, under color of any law, statute, ordinance,

regulation, or custom, knowingly subjects such individual to the deprivation of any rights, privileges,

or immunities, secured or protected by the U.S. Constitution or laws of the United States.  The

Plaintiff was subjected to the deprivation of their Constitutional rights as set forth below.

## VI.
## DENIAL OF DUE PROCESS

6.1     Paragraphs 4.1 through 4.10 are incorporated herein by reference.   Plaintiff,

MARIBEL VELASQUEZ had a constitutionally protected property interests by virtue of her

employment with the City of Edinburg at the time that adverse action was taken against them.  The

termination of the Plaintiff, without being given any prior notice or reasons and an opportunity to be

heard, is a violation of Plaintiff's right to due process and due course of law.  Additionally, she was

deprived of her liberty and property interests without adequate procedural and substantive protection

prior to the unlawful taking of her employment.  The termination of the Plaintiff is in violation of the

liberty and the property interests of the Plaintiff which is guaranteed under the Constitution of the

State of Texas and the Fourteenth Amendment of the United States Constitution as protected under

42 U.S.C. Section 1983.  This denial of due process has caused current and future financial loss job

security past and future loss of reputation, and severe emotional distress to the Plaintiff which

continues and is ongoing.

6.2     Paragraphs 4.1 to 4.10 are incorporated herein by reference.  The Plaintiff has a protected liberty interest under the 14th Amendment to not be terminated for unconstitutional reasons.  And therefore, on this basis, the Plaintiff may seek redress pursuant to 42 U.S.C. 1983.

## VII.
## VIOLATION OF FIRST AMENDMENT RIGHTS

7.1     Paragraphs 4.1 through 4.10 are incorporated herein by reference.  The Plaintiff's political activity and right of association is protected under the First Amendment of the Constitution of the United States, and the defendants, jointly and severally, violated the law by firing her because she would not declare loyalty to the Molina Faction and to make room for those who did.  The Plaintiff restrained her speech on matters of politics and participated or refrained from participating in political activities away from the job setting which are directly related to her right to freedom of association.  Defendants denied Plaintiff's rights of freedom of speech and association under the First and Fourteenth Amendment to the United States Constitution by retaliating against her for exercising her protected speech and right to political association.  Because the actions causing harm to Plaintiff were taken by the City of Edinburg City Council, such acts of retaliation against the Plaintiff for her exercise of her First Amendment Rights formed an official policy of the City of Edinburg, rendering the city liable to Plaintiff for her actual damages under 42 U.S.C. Section 1983.

## VIII.
## INDIVIDUAL LIABILITY

8.1     Paragraphs 4.1 through 4.10 are incorporated by reference.  Defendants Richard Molina, David Torres, Jorge Salinas, and Gilbert Enriquez have acted outside the proper course and scope of their official duties as members of the Edinburg City Council, in that their individual actions were wholly outside board policy, state regulations, and state and federal laws.  The

individual defendants, City Council Members, conspired to retaliate and terminate Plaintiff.

## IX.
## ACTUAL DAMAGES

9.1     By reason of the above actions alleged in paragraphs 4.1 through 4.10, Plaintiff has been damaged in an amount beyond the minimum jurisdictional level of this court, for which Defendants are jointly and severally liable.

## X.
## COMPENTSATORY DAMAGES

10.1    Pursuant to the federal statutes cited above, the Plaintiffs are entitled to compensatory damages.

## XI.
## EXEMPLARY DAMAGES

11.1    Defendant the City of Edinburg, by and through it's elected members, have a history of violating the 1st and 14th Amendment rights of their employees.  After every election, employees cower in fear for their livelihoods because they exercised their 1st Amendment right to support the candidate of their choice or because they did not openly support the correct candidates or they are simply demoted and reassigned to make room for the political patronage of the new faction's campaign supporters or relatives.  The cycle of retaliation and political patronage needs to cease. Accordingly, Plaintiff is entitled to recover from Defendants, the City of Edinburg, Richard Molina, David Torres, Jorge Salinas, and Gilbert Enriquez, the individual defendants, in addition to compensatory damages, an award of exemplary damages in an amount being necessary to deter the Defendants from repeating such wrongful acts in the future.

11.2    The foregoing acts of the Defendants, the City of Edinburg, Richard Molina, David Torres, Jorge Salinas, and Gilbert Enriquez each sued individually were willful, humiliating and

insulting to Plaintiff and showed a conscious disregard for the rights of the Plaintiff.  The City of

Edinburg their families, their associates and their allies are well known to the Edinburg community

and have ravaged Edinburg employees for years.  Their conduct in particular is typical of the culture

which pervades the Edinburg community.  Plaintiff is accordingly entitled to recover from each of

the individual Defendants, in addition to compensatory damages, an award of exemplary damages in

the amount necessary to deter the Defendants from repeating such wrongful acts in the future.

## XII.
## ATTORNEY FEES

12.1    Pursuant to the federal statutes under which Plaintiff sues, Plaintiff has been forced to

retain the undersigned attorneys to prosecute this claim on her behalf, and she is entitled to recover

necessary and reasonable attorney's fees, costs of litigation, together with such additional attorney's

fees as may be awarded by the Court and, in the event of an appeal, to the Fifth Circuit Court of

Appeals and the United State Supreme Court, and costs of Court.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that Defendants be cited to

appear and answer herein, and for a trial by jury.  Upon trial, Plaintiff prays for an award against

Defendants for actual damages in excess of the minimum jurisdictional limits of this Court, together

with exemplary damages, reasonable attorneys' fees, costs of court, pre-judgment and post-judgment

interest, and entry of declaratory relief and an injunction barring Defendants from interfering with

Plaintiff's job security and such other and further relief to which Plaintiff may be entitled.

Respectfully submitted,

**FLORES & TORRES, LLP**


By: */s/ David L. Flores*
David L. Flores

Texas Bar No. 24040909
Federal Bar No. 37348
Email: davidf@floresandtorresllp.com
Tony Torres
Texas Bar No. 24051438
Federal Bar No. 665023
Email: tonyt@floresandtorresllp.com
118 E. Cano
Edinburg, Texas 78539
Tel. (956) 287-9191
Fax. (956) 287-9190
Email: maryq@floresandtorresllp.com (Assistant)
***Attorney for Plaintiff Maribel Velasquez***

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

MARIBEL VELASQUEZ,                          §
                                            §
        Plaintiff,                          §
                                            §          CIVIL ACTION NO. _____
                                            §
THE CITY OF                                 §
EDINBURG, RICHARD MOLINA,                   §
DAVID TORRES, JORGE SALINAS                 §
GILBERT ENRIQUEZ                            §
        Defendants.                         §          JURY REQUESTED

AFFIDAVIT IN SUPPORT OF
PLAINTIFFS ORIGINAL PETITION

BEFORE ME, the undersigned authority, personally appeared MARIBEL VELASQUEZ,

who being duly sworn, deposed as follows:

"My name is MARIBEL VELASQUEZ.  I am the Plaintiff.  I am at least 18 years of age

and of sound mind.  I am personally acquainted with the facts alleged herein.

_____
MARIBEL VELASQUEZ

SUBSCRIBED AND SWORN TO BEFORE ME on *November 12, 2018* .

_____
Notary Public, State of Texas

MARIA QUINTANILLA
Notary Public, State of Texas
My Commission Expires
June 08, 2019