UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| MARIBEL VELASQUEZ<br>Plaintiff,<br><br>Vs.<br><br>THE CITY OF EDINBURG, RICHARD MOLINA, DAVID TORRES, JORGE SALINAS and GILBERT ENRIQUEZ<br>Defendants. | § § § § § § § § § § § CIVIL ACTION NO. 7:18-CV-354<br><br>JURY REQUESTED |

### PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT

NOW COMES **MARIBEL VELASQUEZ,** Plaintiff, complaining of **THE CITY OF EDINBURG,** and **RICHARD MOLINA, DAVID TORRES, JORGE SALINAS,** and **GILBERT ENRIQUEZ,** individually and in their official capacity as council members of the City of Edinburg, and in support thereof would show the following:

### I.
### NATURE OF ACTION

1.1   This is an action under the United States Constitution for violation of Plaintiff's rights under the First and Fourteenth Amendments.

1.2   Specifically, while acting under color of law, Defendants took adverse employment actions against Plaintiff's employment in violation of her due process rights and protected first amendment rights.

### II.
### JURISDITION AND VENUE

2.1   Jurisdiction of this Court is invoked pursuant to 28 USC Sections 451, 1331, 1337, 1443, 1345, 1441 and 42 USC 1983. In addition, this Court has supplemented jurisdiction under 28 USC 1367 over Plaintiff's factually identical claims arising under State law.

2.2     The employment practices to be alleged and unlawful were and are currently being committed within the Jurisdiction of the United States District Court for the Southern District of Texas, McAllen Division.

## III.
## PARTIES

3.1     Plaintiff, **MARIBEL VELASQUEZ** is an individual person subject to the jurisdiction of the United States or a citizen thereof, residing within Hidalgo County, Texas, and within the jurisdiction of the United States District Court for the Southern District of Texas, McAllen, Division.

3.2.    Defendant, **THE CITY OF EDINBURG**, is a municipality in the state of Texas located entirely in Hidalgo County. THE CITY OF EDINBURG was served with citation on November 20, 2018 and has answered. Defendant may be served through its attorney of record Mr. J. Arnold Aguilar of **AGUILAR & ZABARTE, L.L.C.,** 990 Marine Drive, Brownsville, Texas 78520.

3.3     Defendant, **RICHARD MOLINA** is being sued in individual and official capacity as the Mayor of the City of Edinburg. RICAHRD MOLINA was served with citation on November 20, 2018 and has answered. Defendant may be served through his attorney of record Mr. J. Arnold Aguilar of **AGUILAR & ZABARTE, L.L.C.,** 990 Marine Drive, Brownsville, Texas 78520.

3.4     Defendant, **DAVID TORRES** is being sued in individual and official capacity as a council member of the City of Edinburg. DAVID TORRES was served with citation on November 20, 2018 and has answered. Defendant may be served through his attorney of record Mr. J. Arnold Aguilar of **AGUILAR & ZABARTE, L.L.C.,** 990 Marine Drive, Brownsville, Texas 78520.

3.5 Defendant, **JORGE SALINAS** is being sued in individual and official capacity as a council member of the City of Edinburg. JORDGE SALINAS was served with citation on November 20, 2018 and has answered. Defendant may be served through his attorney of record Mr. J. Arnold Aguilar of **AGUILAR & ZABARTE, L.L.C.,** 990 Marine Drive, Brownsville, Texas 78520.

3.6 Defendant, **GILBERT ENRIQUEZ** is being sued in individual and official capacity as a council member of the City of Edinburg. GILBERT ENRIQUEZ was served with citation on November 20, 2018 and has answered. Defendant may be served through his attorney of record Mr. J. Arnold Aguilar of **AGUILAR & ZABARTE, L.L.C.,** 990 Marine Drive, Brownsville, Texas 78520.

## IV.
## FACTUAL ALLEGATIONS

4.1 Plaintiff Maribel Velasquez was first employed by the City of Edinburg, Texas as a Clerk/Typist, in 1996. In 1999, Ms. Velasquez was promoted to the position of Assistant Court Clerk until 2001 when she was promoted to the position of Senior Secretary. In 2002, Ms. Velasquez was appointed by a majority of the City Council to the position of Municipal Court Clerk for the City of Edinburg.

4.2 Pursuant to Article III, Sec. 2 of the Code of Ordinances of the City of Edinburg, Texas, the Court Clerk is appointed by the City Council for a term not exceeding three years. Maribel Velasquez served as the Court Clerk for the Edinburg Municipal Court for sixteen years until her termination in March of 2018.

4.3 As an employee of the City of Edinburg, the Plaintiff performed her duties with dedication, loyalty and hard work. Plaintiff received performance appraisals with very high ratings on a yearly basis. Prior to the Defendants gaining control of the Edinburg City Council, Plaintiff had

never had any adverse employment action taken against her nor was she ever written up for job related improper conduct.

4.4     Throughout her employment with the City of Edinburg, Ms. Velasquez worked closely with and under the direction of the elected Municipal Judge for the City of Edinburg, Texas, Terry Palacios. Terry Palacios is a member of a very well-known family and political force in the City of Edinburg. It is common knowledge that Terry Palacios and his family are political rivals of the individual defendants named herein. Defendant, Richard Molina, has issued public statements admitting that Terry Palacios is "on the opposite side".

4.5     On or about August 19, 2015, after her re-appointment by the City Council to the position of Court Clerk, then council member, Richard Molina, contacted Ms. Velasquez and sought a declaration of political loyalty from her. Specifically, Mr. Molina asked Ms. Velasquez, in person, whether she would be "loyal" to him. Believing the request to be inappropriate, Ms. Velasquez responded that her loyalty was to the City of Edinburg and its constituents.

4.6     In November of 2017, the Edinburg City Council conducted elections which resulted in the seating of a new political majority which is made up of each of the individual defendants, hereinafter referred to as the "Molina Faction". During the election campaign, the council members who were subsequently elected and those current board members with whom they were aligned made numerous statements regarding their intent to reward their political supporters with jobs and terminate, demote and reassign employees they perceived as not supporting their faction. This scheme of political patronage was devised by the individual defendants in order to garner support for the upcoming election. The Plaintiff, Maribel Velasquez, became aware that she was being specifically targeted for termination from members of the community with knowledge of the Defendants scheme to terminate employees they believed supported their political rivals, and reward

those who were related to them and/or supported their faction. The allegations pertaining to the Defendants scheme as described above was generally known in the community and was further made public through various social media outlets.

4.7 Upon being sworn in, the new political majority (the "Molina Faction") comprised of Defendants Richard Molina, David Torres, Jorge Salinas, and Gilbert Enriquez, set about on their campaign to reward those who were related to the new board majority and those who had openly supported their faction. They also set about on their plan to retaliate against those employees who had not supported their faction. Consistent with the allegations which prevailed during the campaign, in addition to the Plaintiff, other individuals who were known to have been targeted by the Molina Faction were terminated and replaced with political supporters of the new Majority. Without the participation of each of the individual defendants named herein, the defendants would not have been able to accomplish their plan to terminate those employees they believed did not support their political faction, and reward those who did.

4.8 On or about March 16, 2018, a Notice of a Special Meeting of the City Council for the City of Edinburg was posted wherein notice was issued that on March 20, 2018, the City would be considering an appointment to the position of Court Clerk. Prior to posting, the plaintiff was not given notice that the City Council was considering an appointment of another to her position.

4.9 On March 20, 2018, each of the individual defendants, which constitute the majority of the members of the City Council for the City of Edinburg, Texas, each voted to remove Maribel Velasquez and appoint Celine Pardo to the position of Edinburg Municipal Court Clerk. Celine Pardo was a known political supporter of the Molina Faction. Furthermore, based on information and belief, prior to her appointment as the Court Clerk, Celine Pardo was employed by Defendant, David Torres' brother.

4.10    All the adverse retaliatory employment action taken against the Plaintiff was taken by the individual members of the Molina faction. Each of the individual defendants were personally involved in the retaliation against the Plaintiff when they each voted to terminate her employment and replace her with one of their political supporters. Each of the individual defendants were personally involved in the retaliation against the Plaintiff by virtue of their participation in and association with each other in the Molina faction. Without the vote of each individual defendant, the Molina Faction would not have been able accomplish its plan to terminate the Plaintiff and replace her with a political supporter of their faction.

4.11    The Plaintiff in this lawsuit was not an employee who had direct dealings with the Edinburg City Council or might fall into the category of an employee who, because of their relationship to the City Council would not have First Amendment Rights as defined by the 5th Circuit Court of Appeals in *Kinsey v. Salado ISD*, 950 F2d 988 (5th Cir.1992). Additionally, the Plaintiff's exercise or in this case the restraint of her right to freedom of speech and association in this case did not conflict with her role as an employee.

## V.
## 42 U.S.C. SECTION 1983

5.1    Section 1983 of Title 42 of U.S.C. provides that an individual may seek redress, by way of damages, against any person or persons who, under color of any law, statute, ordinance, regulation, or custom, knowingly subjects such individual to the deprivation of any rights, privileges, or immunities, secured or protected by the U.S. Constitution or laws of the United States. The Plaintiff was subjected to the deprivation of their Constitutional rights as set forth below.

## VI.
## DENIAL OF DUE PROCESS

6.1    Paragraphs 4.1 through 4.11 are incorporated herein by reference. Plaintiff,

MARIBEL VELASQUEZ had a constitutionally protected property interests by virtue of her employment with the City of Edinburg at the time that adverse action was taken against them. The termination of the Plaintiff, without being given any prior notice or reasons and an opportunity to be heard, is a violation of Plaintiff's right to due process and due course of law. Additionally, she was deprived of her liberty and property interests without adequate procedural and substantive protection prior to the unlawful taking of her employment. The termination of the Plaintiff is in violation of the liberty and the property interests of the Plaintiff which is guaranteed under the Constitution of the State of Texas and the Fourteenth Amendment of the United States Constitution as protected under 42 U.S.C. Section 1983. This denial of due process has caused current and future financial loss job security past and future loss of reputation, and severe emotional distress to the Plaintiff which continues and is ongoing.

    6.2    Paragraphs 4.1 to 4.11 are incorporated herein by reference. The Plaintiff has a protected liberty interest under the 14th Amendment to not be terminated for unconstitutional reasons. And therefore, on this basis, the Plaintiff may seek redress pursuant to 42 U.S.C. 1983.

## VII.
## VIOLATION OF FIRST AMENDMENT RIGHTS

    7.1    Paragraphs 4.1 through 4.11 are incorporated herein by reference. The Plaintiff's political activity and right of association is protected under the First Amendment of the Constitution of the United States, and the defendants, jointly and severally, violated the law by firing her because she would not declare loyalty to the Molina Faction and to make room for a political supporter. The Plaintiff restrained her speech on matters of politics and participated or refrained from participating in political activities away from the job setting which are directly related to her right to freedom of association. Defendants denied Plaintiff's rights of freedom of speech and association under the

First and Fourteenth Amendment to the United States Constitution by retaliating against her for exercising her protected speech and right to political association. Because the actions causing harm to Plaintiff were taken by the City of Edinburg City Council, such acts of retaliation against the Plaintiff for her exercise of her First Amendment Rights formed an official policy of the City of Edinburg, rendering the city liable to Plaintiff for her actual damages under 42 U.S.C. Section 1983.

## VIII.
## INDIVIDUAL LIABILITY

8.1     Paragraphs 4.1 through 4.11 are incorporated by reference. Defendants Richard Molina, David Torres, Jorge Salinas, and Gilbert Enriquez have acted outside the proper course and scope of their official duties as members of the Edinburg City Council, in that their individual actions were wholly outside board policy, state regulations, and state and federal laws. As evidenced by each of their individual votes to terminate the Plaintiff's employment and replace her with one of their political supporters, the individual defendants, City Council Members, conspired to retaliate and terminate the Plaintiff in violation of her First Amendment rights.

## IX.
## ACTUAL DAMAGES

9.1     By reason of the above actions alleged in paragraphs 4.1 through 4.11, Plaintiff has been damaged in an amount beyond the minimum jurisdictional level of this court, for which Defendants are jointly and severally liable.

## X.
## COMPENTSATORY DAMAGES

10.1     Pursuant to the federal statutes cited above, the Plaintiffs are entitled to compensatory damages.

## XI.
## EXEMPLARY DAMAGES

11.1    The Plaintiff was terminated because she exercised her 1st Amendment right to support the candidate of her choice or because she did not openly support the correct candidates or was simply terminated from her employment to make room for the political patronage of the new faction's campaign supporters or relatives.  Accordingly, Plaintiff is entitled to recover from Defendants, Richard Molina, David Torres, Jorge Salinas, and Gilbert Enriquez, the individual defendants, in addition to compensatory damages, an award of exemplary damages in an amount being necessary to deter the Defendants from repeating such wrongful acts in the future.

11.2    The foregoing acts of the Defendants, Richard Molina, David Torres, Jorge Salinas, and Gilbert Enriquez each sued individually were willful, humiliating and insulting to Plaintiff and showed a conscious disregard for the rights of the Plaintiff.  Their conduct in particular is typical of the culture which pervades the Edinburg community.  Plaintiff is accordingly entitled to recover from each of the individual Defendants, in addition to compensatory damages, an award of exemplary damages in the amount necessary to deter the Defendants from repeating such wrongful acts in the future.

## XII.
## ATTORNEY FEES

12.1    Pursuant to the federal statutes under which Plaintiff sues, Plaintiff has been forced to retain the undersigned attorneys to prosecute this claim on her behalf, and she is entitled to recover necessary and reasonable attorney's fees, costs of litigation, together with such additional attorney's fees as may be awarded by the Court and, in the event of an appeal, to the Fifth Circuit Court of Appeals and the United State Supreme Court, and costs of Court.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that Defendants be cited to appear and answer herein, and for a trial by jury.  Upon trial, Plaintiff prays for an award against

Defendants for actual damages in excess of the minimum jurisdictional limits of this Court, together with exemplary damages, reasonable attorneys' fees, costs of court, pre-judgment and post-judgment interest, and entry of declaratory relief and an injunction barring Defendants from interfering with Plaintiff's job security and such other and further relief to which Plaintiff may be entitled.

        Respectfully submitted,

        **FLORES & TORRES, LLP**

        By: */s/ David L. Flores*
        David L. Flores
        Texas Bar No. 24040909
        Federal Bar No. 37348
        Email: davidf@floresandtorresllp.com
        Tony Torres
        Texas Bar No. 24051438
        Federal Bar No. 665023
        Email: tonyt@floresandtorresllp.com
        118 E. Cano
        Edinburg, Texas 78539
        Tel. (956) 287-9191
        Fax. (956) 287-9190
        Email: maryq@floresandtorresllp.com (Assistant)
        ***Attorney for Plaintiff Maribel Velasquez***

## CERTIFICATE OF SERVICE

    This is to certify that on March 07, 2019, a true and correct copy of the above and foregoing document was forwarded via e-mail through Electronic Case Filing System, to all counsel of record:

Via Electronic Notice
Mr. J. Arnold Aguilar
*Attorney in Charge*
State Bar No. 00936270
Federal Id. No. 6822
Email: arnold@agilarzabartellc.com
Mr. Francisco J. Zabarte
*Of Counsel*
State Bar No. 22235300
Federal Id. No. 10747
**AGUILAR & ZABARTE, L.L.C.**
990 Marine Drive
Brownsville, Texas 78520
Telephone: (956) 504-1100
Facsimile: (956) 504-1408


                                                By:  */s/ David L. Flores*
                                                David L. Flores

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| MARIBEL VELASQUEZ<br>Plaintiff, | §<br>§<br>§ | |
| Vs. | §<br>§<br>§ | CIVIL ACTION NO. 7:18-CV-354 |
| THE CITY OF EDINBURG, RICHARD<br>MOLINA, DAVID TORRES, JORGE<br>SALINAS and GILBERT ENRIQUEZ<br>Defendants. | §<br>§<br>§<br>§ | |

## AFFIDAVIT IN SUPPORT OF
## PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT

BEFORE ME, the undersigned authority, personally appeared MARIBEL VELASQUEZ, who being duly sworn, deposed as follows:

"My name is MARIBEL VELASQUEZ. I am the Plaintiff. I am at least 18 years of age and of sound mind. I am personally acquainted with the facts alleged herein.

_____
MARIBEL VELASQUEZ

SUBSCRIBED AND SWORN TO BEFORE ME on this __7th__ day of __March__, 2019, by MARIBEL VELASQUEZ.

_____
Notary Public, State of Texas

MARIA QUINTANILLA
Notary Public, State of Texas
My Commission Expires
June 08, 2019